NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YURI JUNIOR GALEAS MELENDEZ, etc.,<br><br>                    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, JR., United States Attorney General,<br><br>                    Respondent. | No. 09-71500<br><br>Agency No. A094 354 683<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2011[**]
Seattle, Washington

Before: GUY, [***] McKEOWN, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Petitioner, Yuri Melendez, appeals from the decision of the Board of Immigration Appeals (Board) denying his motion to remand and reopen. Melendez sought an opportunity to apply for asylum and withholding of removal because he failed to demonstrate prima facie eligibility for cancellation of removal. An immigration judge had earlier found Melendez ineligible for cancellation of removal because his 2001 conviction for cocaine possession stopped the accrual of the requisite 10-year period of continuous physical presence in the United States upon which Melendez had relied as a ground for cancellation of the order of removal.

A finding that a movant has failed to establish prima facie eligibility for withholding of removal is an appropriate ground on which to deny a motion to reopen. INS v. Abudu, 485 U.S. 94, 104 (1988). Our standard of review is abuse of discretion, and a heavy burden is placed upon a movant seeking reopening of removal proceedings. INS v. Doherty, 502 U.S. 314, 322-23 (1992). We find no abuse of discretion here. Melendez claims that if he is removed, his handicapped son could face sexual abuse in El Salvador. Melendez's wife testified, however, that she and her son, both United States citizens, will remain in the United States even if Melendez is removed. Similarly, we conclude that the Board was correct in finding that Petitioner's asylum claim, based on fear of future persecution, was not supported by the record. Having failed to demonstrate eligibility for asylum, it follows that

petitioner also failed to make a prima facie case for withholding of removal.

PETITION DENIED.